HENRY L. MITCHELL *vs.* WILLIAM H. SMITH.

Penobscot. Opinion January 10, 1879.

*Practice. Trial. Exceptions. Writ of entry.*

The law court sent down an order, that, upon amendment of the writ so as to exclude from the description of the premises demanded all that portion south of the true dividing line between the premises of the parties as determined and described by the court, the entry will be judgment for demandant.

An amendment was filed by the demandant precisely in accordance with the order of this court, and the presiding judge at *nisi prius* ordered judgment for demandant. *Held*, that to such order exceptions do not lie.

ON EXCEPTIONS.

WRIT OF ENTRY, in a case stated, between the same parties, 67 Maine, 338.

*A. W. Paine*, for the defendant.

*F. A. Wilson & C. F. Woodard*, for the plaintiff.

LIBBEY, J. This case came before this court at the June law term, 1875, on report of the evidence with the following stipulation : " This case is continued on report for the consideration of the full court, who are to render judgment, or otherwise dispose of the case as the legal rights of the parties require." It was ably argued by counsel, and fully and carefully considered by the court, and the true dividing line between the premises of the parties was determined according to the true construction of their deeds. As the line was settled by the court it was found that the description in the demandant's writ embraced a small strip south of that line not owned by the demandant; and, instead of ordering a special judgment in accordance with the dividing line as settled by the court, an order was sent down that, "Upon amendment of the writ so as to exclude from the description of the premises demanded all that portion south of the true dividing line as we have described it, the entry will be judgment for demandant." *Mitchell* v. *Smith*, 67 Maine, 338.

This the court had full power to do under the stipulation in the report. It only remained for the court at *nisi prius* to execute

the order sent down. An amendment of the writ was filed by the demandant as required by the order. It is not claimed by the counsel for the defendant that it is not precisely as required by the order.

After the amendment was filed there was nothing for the presiding judge to do but to enter up judgment for the demandant. The defendant's objections and motion, if sustained, required the judge to disregard the order of this court. That he could not rightfully do. To the order of the judge overruling the defendant's objections and motion, and entering up judgment in accordance with the order of this court, exceptions do not lie. Otherwise there would be no end to litigation, as the losing party might move, at *nisi prius*, to set aside the mandate of this court, order ing judgment, and, if his motion is overruled, bring the case back to this court on exceptions ; and this might be repeated as often as a mandate was sent down.

If the exceptions were based upon the ground that the presiding judge entered up judgment not in accordance with the order of this court, a different rule would prevail, and we should be required to determine whether they were well founded ; but there is no such claim in this case.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.